IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:11-cv-967-ORL-28-GJK

ASSOCIATION FOR DISABLED
AMERICANS, INC., AND
JANET SEVERT

   Plaintiff,

vs.

PANNULLO'S ITALLIAN RESTAURANT
LLC. AND OTHERS UNKNOWN

   Defendants.

_____



## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, JANET SEVERT (hereinafter referred to as "Plaintiff" or "Severt"), and THE ASSOCIATION FOR DISABLED AMERICANS INC. (hereinafter referred to as "Plaintiffs" or "Association" hereby sues the Defendants PANNULLO'S ITALLIAN RESTAURANT LLC. (hereinafter sometimes referred to as "Defendants," or " Pannullo's"), for permanent injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1]

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

(hereinafter collectively referred to as "FACBC"), a restaurant and related facilities commonly known as the Pannullo's Italian Restaurant, (hereinafter sometimes referred to as "Building" or "Premises").

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Middle District of Florida, Winter Park, Florida, and the subject Premises is located in Orange County, Florida.

## PARTIES

4. Plaintiff, the Association for Disabled Americans, Inc., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida.

5. The Association's members, which include the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

6. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as,

when required, enforcing the legal rights to access for its members in order to facilitate their participation and integration into society.

7. In so doing, the Association seeks to assure that public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities.

8. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein.

9. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members.

10. The Association has also been discriminated against because of its association with its members and their claims.

11. Plaintiff, Janet Severt, is a resident of the State of Florida who resides in Orange City, located in Orange County, Florida is *sui juris*, is a qualified individual under the ADA and the FACBC, and is a member of the Association for Disabled Americans, Inc.

12. Plaintiff Severt suffers from, *inter alia*, quadriplegia and requires a wheelchair to ambulate at all times.

13. Plaintiff, the Association for Disabled Americans, Inc., [hereinafter "the Association"], is a non-profit corporation organized and existing under the laws of the State of Florida.

14. The Association's members, which include the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

15. Plaintiff, Janet Severt, resides in Orange City, Florida, located in Orange County, Florida.

16. Severt is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.

17. Plaintiff Severt is a quadriplegic, and requires a wheelchair to ambulate at all time.

18. Plaintiff Severt seeks to partake in the accommodations, privileges and advantages of the services offered by Defendants herein and accorded to her by the various civil rights statutes set forth herein.

19. Plaintiff Severt visited the subject premises on December 6, 2010, and on various occasions the previous year.

20. Plaintiff Severt was unable to access the restrooms on the premises.

21. On January 12, 2011 Plaintiff Severt served a Notice of Non-Compliance to Defendant notifying Defendant Pannullo's of their violations of the ADA and FACBC.

22. To date, Defendant Pannullo's has not responded to the Notice of non-compliance or given any indication of an effort to remedy said violations.

24. Plaintiff, Severt, continues to be denied access thereto, within the meaning of the ADA and the FACBC, due to barriers she encountered during her visit to the premises.

25. Severt will regularly return to the premises once the barriers violating the ADA and the FACBC are removed.

26. However, Plaintiff Severt will be denied full access to the subject premises, as required by the ADA and the FACBC, and is thus deterred from returning to the Premises, unless the injunctive relief requested herein is granted.

27. The Defendant, Pannullo's Italian Restaurant., and is a registered for-profit limited liability company licensed to business in the state of Florida.

28. The Defendants are the registered operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises.

29. Unknown Defendant(s) are those Defendant(s) that manage, operate or otherwise exercise financial and other control over and within the subject premises, commonly known as the Pannullo's Italian Restaurant.

30. These Unknown Parties are expected to be identified and joined through early discovery, so that all proper Parties regarding this action are before the Court.

## Count 1

### Americans With Disabilities Action for Injunctive Relief

U.S.C. § 12182(b)(2)(A)(iv).

39. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. See 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

40. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302*et seq.*, and are discriminating against the Plaintiff as a result of, *inter alia*, the following violations:[2]

- a. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor, lack pictograms, lack Braille, lack proper contrast and are not tactile pursuant to ADAAG 4.30.

- b. The door leading to the restrooms lacks accessible door hardware requiring grasping and twisting precluded by ADAAG 4.13.9. (Pictures 1 & 2)

- c. The doors to the restrooms lack the minimum 32" clearance pursuant to ADAAG 4.13.5. (Pictures 1 & 2)

- d.. No grab bars are present at the commode required by ADAAG 4.17.3. (Picture 4)

- e. The commode is not mounted at 17"-19" above the finish floor pursuant to ADAAG 4.16.6. (Picture 4)

- f. The toilet stall lacks adequate width and adequate depth for an individual who uses a wheelchair to enter the stall or transfer onto the commode pursuant to ADAAG 4.17.3. (Pictures 2 - 4)

- g. The coat hook in the restroom is beyond reach parameters pursuant to ADAAG 4.2.6. (Picture 5)

---

[2] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed. Accordingly, the above list is not to be considered inclusive.

    h.   . Inadequate clear floor space is present for an individual who uses a wheelchair to turn around within the restroom pursuant to ADAAG 4.22.3. (Pictures 2 - 4)

    i.    The lavatory lacks clearance beneath as a cabinet is present precluded by ADAAG 4.19.2. (Pictures 6 & 12)

41. The individual Plaintiff and the corporate Plaintiffs has been denied access to, and the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' ADA violations set forth above.

42. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

43. Besides the individual Plaintiff claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See **Hunt v. Washington State Apple Advertising Commission**,* 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord, **Doe v. Stincer**,* 175 F.3d 879 (11th Cir. 1999).

44. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

45. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

47. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, and awarding Plaintiffs reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

48. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

49. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 48 of this Complaint as if fully stated herein.

50. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "The Federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[3] and Title II of Public Law No. 101-336,[4]" subject to the additional requirements of Fla. Stat. § 553.504.

51. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

52. In addition, Fla. Stat. § 553.502 provides that "nothing in §. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

53. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by

---

[3] 28 CFR §§ 36.101, *et seq.* 36.401, *et seq.*

[4] 42 U.S.C.A. § 12131, *et seq.*

> law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

53. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

54. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

55. At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

56. Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

a. The facility has failed remove architectural barriers pursuant to FACBC 11-4.1.8 as enumerated below[5]. (Pictures 1-21)

b. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor, lack pictograms, lack Braille, lack proper contrast and are not tactile pursuant to ADAAG 4.30.and FACBC 11-30.4.

c. The door leading to the restrooms lacks accessible door hardware requiring grasping and twisting precluded by FACBC 11- 4.13.9. (Pictures 1 & 2)

d. The doors to the restrooms lack the minimum 32" clearance pursuant to FACBC 11- 4.13.5. (Pictures 1 & 2)

e. No grab bars are present at the commode required by FACBC 11- 4.17.6. (Picture 4)

f. The commode is not mounted at 17"-19" above the finish floor pursuant to FACBC 11-4.16.3. (Picture 4)

---

[5] Measurements and documentation used to determine the degree of non-compliance were with a tape measure, anthropomorphic measurements, door pressure gauge, watch, slope meter, and digital camera. Compensation rate, testimony, and qualifications are reflected in Curriculum Vitae attached as Exhibit 1. Prior involvement in similar or nearly identical cases through private or independent engagement, plaintiff and defense consultation, work with and for building contractors, architects, property owners, research, study, training, and continuing education, were all used to determine identification and degree of non-compliance and proposed corrections. All methodology and opinions are based upon a reasonable degree of scientific certainty. Compensation is based on an hourly rate of $210.00 per hour. Hours involved are reflecting in billing records. Cost factors are based on the R S Means Company Means "ADA" Compliance Pricing Guide. R S Means Company Means ADA Compliance Pricing Guide. R.S. Means is North America's leading supplier of construction cost information. In determining costs, reference is made to the "Evaluation of Barrier Removal Costs associated with 2004 Americans with Disabilities Act (ADA) Accessibility Guidelines" by E.H. Pechan & Associates, Inc. for the SBA Office of Advocacy dated November 2007 and to RS Means ADA Compliance Pricing Guide 2nd Edition (2004). As a member of the Construction Market Data Group, Means provides accurate and up-to-date cost information that helps owners developers, architects, engineers, contractors and others to carefully and precisely project and control the cost of both new building construction and renovation projects. All cost estimate sums include bare material cost pus 20% (compensation for the contractor's risk in the purchase and handling of materials), plus the marked-up costs for labor and equipment as determined by R. S. Means Company. (Labor is marked up by an average of 66.8% to cover labor burdens, such as Worker's Compensation and employee benefits, and subcontractor's overhead and profit. Equipment is marked up 10% to cover the contractor's risk related to this item) This sum is then increased by 15% to cover general condition items such as permits, trash removal fees, and site supervision, 7.5% for the general contractor coordinating the subcontractors, and 15% for the general contractor's overhead and profit. All estimates are adjusted to reflect specific locations from national average, annual increase in unit costs and annual inflation. R.S. Means Company, Inc., Construction Plaza, 63 Smiths Lane, Kingston, MA 02364-0800, 1-800-334-3509.

g. The toilet stall lacks adequate width and adequate depth for an individual who uses a wheelchair to enter the stall or transfer onto the commode pursuant to FACBC 11-4.17.3. (Pictures 2 - 4)

h. The stall door in the restroom is not self-closing pursuant to FACBC 11-4.17.5. (Picture 5)

i. The coat hook in the restroom is beyond reach parameters pursuant to FACBC 11- 4.2.6. (Picture 5)

j. Inadequate clear floor space is present for an individual who uses a wheelchair to turn around within the restroom pursuant to FACBC 11-4.22.3. (Pictures 2 - 4)

k. The lavatory lacks clearance beneath as a cabinet is present precluded by FACBC 11- 4.19.2. (Pictures 6 & 12)

56. The individual Plaintiff and the corporate Plaintiff members have been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of Defendant's FACBC violations set forth above.

57. Besides the individual Plaintiff's claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. See *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual

members in the lawsuit). *Accord, **Doe v. Stincer**,* 175 F.3d 879 (11th Cir. 1999).

58. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

59. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

60. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.

60. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiffs' injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

48. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Respectfully Submitted,

s/RobbenM.Heethuis.,ESQ (Florida Bar No.75899)
Email: Max.Heethuis@hotmail.com
Heethuis and Associates LCC
1888 NW 7th Street
Miami, FL 33125
Phone: (269-370-4751
Attorney for Plaintiffs: The Association For Disabled Americans, Inc./Janet Severt